**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-1077 & 20-1758
_____

AARON J. BRESSI,
Appellant

v.

TRACY MCCLOUD; BRITTANY DUKE; RONALD MCCLAY; MATTHEW
NARCAVAGE; DANIEL SHOOP; JILL HENRICH; TERRY KECHEM;
PATROLMAN  ADAMS; CHRISTOPHER LAPOTSKY; JOHN GEMBIC; OFFICE
CLERKS, Shamokin District Magistrate; BENJAMIN ALPHELBALM; OFFICE
CLERKS, Sunbury District Magistrate; MICHAEL P. TOOMEY; MICHAEL SEWARD;
DEGG STARK; JILL FRY; CHARLES SAYLOR; PAIGE ROSINI; WARDEN
SNYDER COUNTY PRISON; OFFICE CLERKS, Snyder County Prison; EDWARD
GRECO; MICHAEL SUIDERS; JAMES BEST; VINCENT V. ROVITO; RACHAEL
GLASSO; AMY STOAK; KIMBERLY BICKERT; CATHY DUZICK; MICHAEL
FANTAGROSSE; JENNIFER FANTAGROSSE; RICHARD STIENHEART; GINGER
STIENHEART; JEFFREY LEACH; DENISE CARNUCCIO; JEFFREY LONG;
TYLER MUMMY; KIMBERLY SEDDON; CHASTITY SEDDON; WARDEN BRUCE
KOVACH; DEPUTY WARDEN JAMES SMINK;
COUNSELOR SAMUEL KRANZEL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:18-cv-01345)
District Judge:  Honorable Matthew W. Brann
_____

PER CURIAM

In this civil rights action, pro se appellant Aaron Bressi, proceeding in forma pauperis, named over 40 defendants, including prosecutors, public defenders, judges, court staff, prison staff, and private citizens, and brought a wide variety of claims under 42 U.S.C. § 1983, as well as state-law claims. Most of the claims were related to his 2016 arrest and subsequent convictions on counts of, inter alia, aggravated assault, making terroristic threats, stalking, and reckless endangerment. He was sentenced to four to eight years in prison, the judgment of conviction was affirmed on direct appeal, and the Pennsylvania Supreme Court denied review.

After Bressi filed an amended complaint, the Magistrate Judge recommended dismissing all of the claims with prejudice, except for Bressi's retaliation claim. The Magistrate Judge recommended dismissing many of the claims as barred by the favorable termination rule established in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). The District Court adopted the Magistrate Judge's report and recommendation and dismissed all of the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

claims, while affording Bressi leave to file a second amended complaint correcting the deficiencies in his retaliation claim. Bressi's appeal of that order gave rise to C.A. No. 20-1077. When Bressi failed to file a second amended complaint, the District Court adopted the Magistrate Judge's recommendation that this claim also be dismissed with prejudice. Bressi's appeal of that order gave rise to C.A. No. 20-1758. The two appeals were consolidated for briefing and disposition. We have jurisdiction under 28 U.S.C. § 1291.[1]

In his brief, Bressi argues that the District Court erred by: (1) not serving the defendants; (2) "not amending [his] amended complaint, pursuant to the way and why [he] stated in his motion to amend complaint, when amended complaint was filed"; (3) not enforcing subpoenas he wanted to serve against some of the defendants; (4) dismissing his claims for failure to state a claim; and (5) not affording him the opportunity to amend his claims (other than the retaliation claim) before dismissing them.

To begin, the District Court did not err by not serving the defendants. The District Court dismissed the case after screening Bressi's claims pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B) and determining that he had failed to state a

---

[1] Bressi initially appealed from the order dismissing all but his retaliation claim. That order was not immediately appealable, see Mellon Bank, N.A. v. Metro Commc'ns, Inc., 945 F.2d 635, 640 (3d Cir. 1991), but it ripened into a final order when Bressi failed to amend his retaliation claim and the District Court dismissed the case. See ADAPT of Phila. v. Phila. Hous. Auth., 433 F.3d 353, 361-62 (3d Cir. 2006) (citing Cape May Greene, Inc. v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983)). We note that because that first order that was challenged was not immediately appealable, the District Court retained jurisdiction over the matter. See Venen v. Sweet, 758 F.2d 117, 121 (3d Cir. 1985).

claim. These statutes authorize pre-service screening of complaints by litigants proceeding in forma pauperis. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 n.15 (3d Cir. 2002). Similarly, the District Court did not err by not enforcing subpoenas that Bressi wanted to serve against some of the defendants.

With regard to Bressi's argument that the District Court erred in the manner in which it docketed his amended complaint, it is unclear what Bressi is actually arguing. He refers us to his motion for leave to amend his complaint, in which he appeared to explain how and why he was amending his complaint, and he included as an attachment his proposed amended complaint. The District Court denied the motion as moot, concluding that Bressi could amend his complaint as a matter of course, and then docketed the amended complaint. The District Court did not abuse its discretion in doing so. See Grayson, 293 F.3d at 108 (noting that "the grant or denial of an opportunity to amend is within the discretion of the District Court") (internal quotation marks omitted). There is no requirement that a court read additional information from a plaintiff's motion to amend into his proposed amended complaint as Bressi appears to argue the District Court should have done here.

We further hold that Bressi has, for the most part, forfeited his challenge to the District Court's ruling. M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in her opening brief). While Bressi generally stated that the District Court erred in toto by dismissing his complaint, he offered no argument as to why or how the District Court erred in adjudicating any of his approximately 40 claims. See Geness

4

v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is well settled that a passing reference to an issue will not suffice to bring that issue before this court.") (citation and internal quotation marks omitted). Similarly, Bressi's conclusory assertion that the District Court erred by not affording him the opportunity to amend his claims lacked any supporting authority or suggestion about what his meritorious amendments would have been.

To the extent that we can understand Bressi to raise a specific challenge, he appears to focus on his retaliation claim. Considering that claim, we hold that the District Court did not err in dismissing it. To state a claim for retaliation, Bressi needed to allege that "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). As the Magistrate Judge thoroughly explained, although Bressi presented allegations sufficient to satisfy each element of a retaliation claim at the pleading stage, he failed to plausibly allege the personal involvement of any of the defendants against whom he brought these claims. See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); cf. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289-92 (3d Cir. 2018). As noted, Bressi was given leave to remedy this deficiency in an amended complaint, but he failed to file an amended claim. See Grayson, 293 F.3d at 108. For these reasons, the District Court did not err in dismissing Bressi's retaliation claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (noting that our standard of review for a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is plenary). For these reasons, we will affirm the judgment of the District Court.

5